OPINION OF THE COURT
Anthony J. Ferraro, J.
Petitioner makes application pursuant to CPLR article 78 to reverse and annul the fair hearing decision of respondent, Blum, which upheld the determination of the respondent Orange County Department of Social Services.
The latter respondent deleted petitioner’s needs from his family’s grant for a period of 90 days because of his failure to produce proof of 10 job contacts during the month of March, 1978. Petitioner’s grant for his family of four was reduced from $500 per month to $375 per month for a period of 90 days.
The Orange County Department of Social Services has adopted a policy requiring all welfare recipients to make at least 10 independent job applications per month. These are required in addition to the semimonthly visits to the New York State Employment Service for manpower services and registration.
Although petitioner duly visited the New York State Employment Service and was willing to accept a referral to a job, he was deleted from the grant because only 6 of the 10 independent job contacts he made were accepted as genuine.
Petitioner contends upon this application (1) that the policy adopted by the Orange County Department of Social Services is void and unenforceable because it was never submitted to the State Department for approval, (2) that there is no authority in the Social Services Law for deletion of a recipient for refusal to conduct an independent search for work and that a *213 requirement that he make 10 job contacts is arbitrary and illegal and (3) even assuming the sanction is valid, an improper amount was deleted from the grant.
Section 20 (subd 3, par [a]) of the Social Services Law authorizes the State department to approve or disapprove rules, regulations and procedures made by local social services officials within 30 days of their filing with the commissioner. Uniform application of the Social Services Law is necessary to insure equal protection of the law. The various counties of the State cannot adopt their own rules and create their own eligibility requirements so as to create discriminatory application of the welfare law. The efficient and proper administration of public assistance demands the concentration of power in a single State agency with authority to supervise and coordinate the rules and regulations of the various counties to insure equal treatment to all recipients. The purely local rule of the Orange County Department of Social Services is therefore ineffective because it lacks State-wide approval and acceptance.
Petitioner’s second contention raises even more serious questions. The court recognizes the ever-increasing burden imposed upon the taxpayer by burgeoning welfare budgets and the accentuated importance of encouraging recipients to lessen that burden by seeking gainful employment.
 However, the achievement of these goals must be attained by fair means calculated to accomplish the desired end. Requiring an arbitrary number of job contacts does not of itself foretell employment. The time and the place of the application, the qualification for the position and the availability of a job are much more important criteria to gain employment than the sheer number of contacts. Many contacts in the wrong place could be less significant than one contact in the right place. The accomplishment is more important than the effort. Although reasonable efforts to obtain employment could be a proper condition precedent to gaining assistance, a deletion from assistance because of the failure to make a specified number of job contacts per month is clearly arbitrary. The number of contacts does not necessarily enhance the likelihood of employment. The Legislature has already defined the efforts which must be made to obtain employment. Subdivision 5 of section 131 of the Social Services Law precludes assistance to an employable person who has not registered with the nearest employment agency or who has refused to accept *214 employment in which he is able to engage. If more stringent work requirements are to be invoked, they must be initiated at the State level. They may not be created in wildcat fashion by local agencies.
The court therefore finds the adopted local policy arbitrary and illegal and unenforceable against petitioner. The determination of the Orange County Department of Social Services and the decision of the respondent, Blum, are reversed and annulled.
Petitioner’s application to proceed as a poor person is accepted.